The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on September 18, 2013, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: September 18, 2013



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 08-13700 |
| | ) | |
| LOUIS D. AMIR, | ) | Chapter 7 |
|     Debtor. | ) | |
| _____ | ) | |
| | ) | Adversary Proceeding |
| DAVID O. SIMON, TRUSTEE, | ) | No. 13-1051 |
|     Plaintiff, | ) | |
| | ) | Judge Arthur I. Harris |
| v. | ) | |
| | ) | |
| LOUIS D. AMIR, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION[1]

This case is before the Court on the trustee's motion for injunctive relief

requiring the debtor-defendant to obtain the prior written approval of this Court

---

[1] This opinion is not intended for official publication.

for all future filings that relate to his bankruptcy case and declaring the debtor-defendant a vexatious litigator under Ohio law. For the reasons stated below, the trustee's motion is granted in part and denied in part. The debtor-defendant is ordered to obtain prior written approval of this Court for all future filings related to his bankruptcy case, including all subsequent and related filings and causes of action against the trustee, the trustee's attorneys, and purchasers of property from the debtor's estate. This requirement does not apply to any filings related to the debtor's criminal conviction, actions related to the conditions of his confinement, or any appeal from the judgment in this adversary proceeding.

## JURISDICTION

In this adversary proceeding, the trustee seeks injunctive relief to prevent the debtor from improperly interfering with the efficient administration of this bankruptcy case. The Court has jurisdiction over such a proceeding pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O), as well as Local General Order No. 84, dated July 16, 1984, and Local General Order No. 2012-7, dated April 4, 2012. *See In re Lehtinen*, 332 B.R. 404, 411 (B.A.P. 9th Cir. 2005) (noting that a disciplinary action involving matters "central" to the administration of an ongoing bankruptcy "fits comfortably within the ambit of a core proceeding"); *see also In re Sheridan*, 362 F.3d 96, 107 (1st Cir. 2004) (suggesting in *dicta* that an action to

discipline an attorney *during* a bankruptcy case for misconduct that hindered the efforts of the bankruptcy court to bring that particular bankruptcy proceeding efficiently to conclusion can be classified as core).  To the extent that the district court were to determine that the relief ordered exceeds the authority of the undersigned bankruptcy judge, the district court may treat this memorandum of opinion as constituting proposed findings of fact and conclusions of law under Local General Order No. 2012-7.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff David O. Simon, Chapter 7 Trustee, filed this adversary proceeding on March 1, 2013, seeking a permanent injunction requiring the debtor-defendant Louis D. Amir ("debtor") to obtain the prior written approval of this Court for all future filings that relate to his bankruptcy case and declaring him a vexatious litigator under 28 U.S.C. § 1651(a), Federal Rule of Bankruptcy Procedure 9011, and Ohio Revised Code § 2323.52.  Noting that the *pro se* debtor is presently incarcerated, the Court directed the trustee in a Scheduling Order to file a motion explaining how he is entitled to the requested injunctive relief based solely upon publicly available records and undisputed matters (Docket #13).  The Scheduling Order also invited both parties to proffer other evidence they would submit for the Court's review if given the opportunity to do so.  On June 24, 2013, the trustee

filed his motion and an accompanying brief in support (Docket #15). The debtor filed a response challenging the trustee's allegations (Docket #18), along with an objection to the Court's Scheduling Order contesting the jurisdiction of the bankruptcy court (Docket #17). Neither party proffered additional evidence.

As detailed in the trustee's motion and accompanying memorandum in support, the debtor's bankruptcy case encompasses litigation spanning five years and totaling over 700 docket entries. The procedural history of the bankruptcy case is lengthy and includes four adversary proceedings and a number of appeals. A chronology of the proceedings and the debtor's various filings through August 2010 can be found in *In re Amir*, 436 B.R. 1 (B.A.P. 6th Cir. 2010). Throughout this case, the debtor has repeatedly filed frivolous actions, appeals, and other documents hindering the efficient and timely administration of the bankruptcy proceedings. This Court and reviewing courts have repeatedly rejected the debtor's arguments made in connection with this bankruptcy case and have found many of the debtor's arguments to be frivolous and interposed to delay resolution of this case. *See, e.g.*, Order, *In re Amir*, No. 12-3429 (6th Cir. May 1, 2013) (noting debtor's unsuccessful attempts to appeal various adverse bankruptcy court rulings); Order, *In re Amir*, No. 10-4010 (6th Cir. Dec. 21, 2012) (denying motion to reinstate appeal and directing clerk "not to accept any further filings from Amir

in this appeal number"); Order, *In re Amir*, No. 08-4364 (6th Cir. Dec. 15, 2008) (denying petition for a writ of prohibition); Memorandum of Opinion and Order, *Amir v. Harris*, No. 1:08-CV-2509 (N.D. Ohio Nov. 18, 2008) (dismissing district court action as an improper collateral attack and certifying "that an appeal from this decision could not be taken in good faith"). Such filings have delayed the distribution of funds to creditors, while the trustee, estate, and other parties involved continue to incur expenses litigating additional filings by the debtor that are either frivolous or unintelligible. While the debtor's bankruptcy filings have slowed since his incarceration, the debtor continues to threaten future litigation against the trustee and court personnel. *See* Den. Of Consent to Order Entered by the Court on May 20, 2013 and Notice of Failure of Service for Said Order Entered on May 20, 2013 in Violation of Rules of the F.R.C.P., Docket #17.

## DISCUSSION

The trustee seeks a permanent injunction against the debtor, enjoining him from instituting any further proceeding or filing any document with the Court related to his ongoing bankruptcy proceeding without receiving leave of the Court to proceed. An injunction limiting a litigant's filings is a serious, extraordinary remedy. *See Raffe v. John Doe*, 619 F. Supp. 891, 898 (S.D.N.Y. 1985). However, requiring a litigant to obtain leave of the court is a proper means by

which this Court may prevent undue interference with the orderly administration of the debtor's bankruptcy proceedings resulting from vexatious or abusive filing practices. *See In re Sassower*, 338 B.R. 212, 222 (Bankr. S.D.N.Y. 2006) (requiring leave of court before a vexatious litigator was permitted to file documents with the bankruptcy court). Where a litigant has abused the legal process, he may be required to "make a showing that a tendered lawsuit is not frivolous or vexatious before permitting it to be filed." *Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996) (discussing a district court injunction limiting a trustee's future filings); *see also Feathers v. Chevron USA*, 141 F.3d 264, 269 (6th Cir. 1998); Order at 5, *In re Level Propane Gases, Inc.*, No. 10-4553 (6th Cir. Feb. 27, 2012) (requiring appellant and his attorney to obtain prior approval of the Sixth Circuit Court of Appeals for future filings related to appellant's bankruptcy case).

    Based on the debtor's persistent, frivolous filings and threats to continue instituting new litigation against court personnel and involved parties for the foreseeable future, there is good cause to require the debtor to obtain prior written approval from this Court for all future filings that relate to his bankruptcy case. The requested injunctive relief is especially appropriate in this case because other protections against frivolous or bad faith filings such as denial of discharge under

11 U.S.C. § 727(a)(6) for refusal to obey a lawful court order are likely to have little effect on the debtor. Indeed, with the debtor's discharge already denied and the debtor currently serving a criminal sentence of 151 months, there is little left to deter the debtor from further frivolous or bad faith filings. Nevertheless, the Court emphasizes that it is not imposing an absolute bar against future bankruptcy-related filings. Rather, it is only requiring that the debtor first obtain prior written approval of this Court, before such papers can be deemed filed.

Therefore, pursuant to 11 U.S.C. § 105, Rule 9011, and the Court's inherent powers, the Court now requires the debtor to obtain prior written approval from this Court for future filings that relate to his bankruptcy case no. 08-13700, including all subsequent and related filings and causes of action against the trustee, trustee's attorneys, and purchasers of property from the debtor's estate. This requirement does not apply to any filings related to the debtor's criminal conviction, the conditions of his confinement, or any appeal from the Judgment in this adversary proceeding.

The trustee also seeks a declaration by this Court labeling the debtor a vexatious litigator under Ohio law. The Court interprets Ohio's vexatious litigator statute, Ohio Rev. Code § 2323.52, to permit only an Ohio court of common pleas to declare a person a "vexatious litigator." Accordingly, the Court denies trustee's

request for such a declaration.

## CONCLUSION

For the reasons stated above, the Court grants in part and denies in part the Motion of Trustee for Order and Injunction Imposing Vexatious Litigant Filing Restrictions and Other Procedural Limitations on the Defendant and Debtor, Louis D. Amir.

The Court will enter a final judgment as follows:

1.  The Court now requires that Debtor-defendant Louis D. Amir ("debtor") obtain the prior written approval of this Court for all future filings that relate to his bankruptcy case no. 08-13700, including all subsequent and related filings and causes of action against the trustee, the trustee's attorneys, and purchasers of property from the debtor's estate.

2.  The requirement in paragraph 1 above that the debtor obtain prior approval of this Court does not apply to:

    (a)  filings related to the debtor's criminal conviction;

    (b)  filings related to the condition of the debtor's confinement; or

    (c)  filings related to the Judgment in this adversary proceeding.

3.  Should the debtor seek to file any papers that relate to his bankruptcy case under paragraph 1 above, the clerk is directed to stamp the papers as

"received," note the date and time received, and direct the papers to the undersigned judge for further consideration.

4. Should the debtor seek to file any papers that relate to his bankruptcy case under paragraph 1 above in a different court, without the prior approval of this Court, – for example, in a state court – the trustee, trustee's attorney, or other defendant may file a copy of this order with that court and move that court to strike the filing. Any party would also be free to remove the action to bankruptcy court pursuant to 28 U.S.C. § 1452.

5. The Court denies all other relief requested by the trustee.

6. This is intended as a final appealable order.

7. Each party shall bear its own costs and attorney's fees.

IT IS SO ORDERED.